C. L. WHITING, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 11046.   Promulgated August 29, 1927.

1. Alleged errors in the books of account of petitioner and in its return (a) in differentiating between farm expenses of petitioner and personal expenses of president of petitioner, and (b) in understating the salary of the president of petitioner, are not susceptible of determination due to lack of evidence.

2. Value of a contract of agency paid in for capital stock is not susceptible of determination due to lack of evidence, and is not allowable under section 331 of the Revenue Acts of 1918 and 1921, for invested capital purposes.

3. Advances to a stockholder held to be loans and not dividends or withdrawals of capital.

4. No evidence adduced of abnormality of either income or capital entitling petitioner to special relief under the provisions of sections 327 and 328 of the Revenue Acts of 1918 and 1921.

*H. Earlton Hanes, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

This proceeding results from the determination of a deficiency in income and profits taxes for the fiscal year ended June 30, 1921, amounting to $3,799.17.

Petitioner avers that errors were committed with reference to the following issues: (1) The net income determined by the respondent is overstated in the amount of $3,549.91; (2) invested capital determined by respondent is understated due to two errors—(a) the failure to allow a value of $50,000 paid in for capital stock in 1920 of a contract of agency, and (b) the deduction of the prorated average of alleged dividends which were in fact loans to a stockholder; (3) failure to compute the excess-profits tax under sections 327 and 328 of the Revenue Act of 1921. At the hearing of this cause petitioner moved to amend its petition to include an averment of error that the salary of its president was actually $30,000 per annum and should be allowed as a deduction in that amount, and not $15,000 as claimed, deducted and allowed in the original return.

### FINDINGS OF FACT.

Petitioner is a New York corporation with its principal office at Rochester, N. Y., and conducts an agency for the sale and repair of automobiles.

Petitioner was organized on July 1, 1920, to take over and continue the business then belonging to C. L. Whiting, of the sale and repair of automobiles. Included in the assets paid in by C. L. Whiting for

the capital stock of the petitioner was a written contract of agency with the Buick Motor Co. The contract was valued on the books of the petitioner at $50,000. Whiting owns all of the outstanding capital stock of petitioner with exception of two qualifying shares.

At a meeting of the incorporators and directors, held in Rochester, N. Y., on July 12, 1920, it was resolved to accept a proposal made by C. L. Whiting to transfer to the petitioner certain property described in a schedule, appraised at $300,000, and good will at $50,000, in consideration of the issuance to C. L. Whiting of 2,998 shares of the stock of petitioner.

A resolution was adopted on July 12, 1920, authorizing petitioner to enter into a contract with C. L. Whiting, for Whiting to become general manager for a term of one year commencing July 1, 1920, at a salary of $30,000 per year, payable monthly during the term. Entries were made on the books of petitioner of salary payments to Whiting as follows: July 13, 1920, salary for the month of July, 1920, $2,500, paid by check; August 25, salary for the month of August, $2,500. Petitioner deducted in its return filed for the fiscal year 1921 on line 13 " Compensation of officers " the sum of $15,360. During the year charges for cash paid to Whiting and for his account aggregated $75,305.39.

No dividends were declared by petitioner during the fiscal year ended June 30, 1921.

The petitioner owned and operated a farm located near Rochester, N. Y. An entry on the books of petitioner in the fiscal year 1921, placed there by an auditor in the employ of petitioner, debited the personal account of C. L. Whiting and credited farm sales account with an amount of $5,000. After the books of account of petitioner were closed for the fiscal year ended June 30, 1921, the secretary-treasurer and a public accountant, upon an examination of the books, were able to identify items of an aggregate of $1,405.09, properly in their opinion, the subject of such an entry. Whiting made his home on the farm part of the time, mainly during the summer months. The servants included one maid and one chauffeur he employed there, who were on the pay roll of the petitioner, and all costs or expenses of the farm were paid by petitioner. All automobile expense items of Whiting were paid by petitioner.

Respondent reduced invested capital for the fiscal year 1921 by an amount $10,139.84 on account of payments or credits to the account of C. L. Whiting during the year, the same being deemed withdrawals of capital, or dividends, by respondent.

Petitioner kept its books and made its Federal income-tax return on the accrual basis.

MILLIKEN: The first error concerns a credit of $5,000 to farm income which was intended to compensate the farm department for items of personal expense of the president of the petitioner. It is averred that such credit was in error. No details showing how the amount of $5,000 was determined are now available. An accountant employed by petitioner, and the secretary-treasurer of the petitioner made, after the books of account for the fiscal year ended June 30, 1921, were closed, an analysis of the expenses of petitioner's farm and as a result were of the opinion that the entry should have been for $1,405.09. The difference is a matter of speculation. The record affords no conclusive basis upon which we might determine that either the $5,000 added to farm income on the return or $1,405.09 now claimed, represented convincingly the farm expense as differentiated from the personal expenses of the president of petitioner. The assigned error at the hearing of this cause concerns the salary deduction claimed for the president of petitioner. On July 12, 1920, the petitioner was authorized to enter into a contract with C. L. Whiting, providing for the payment of a salary of $30,000 per annum. We are unable to determine if this contract was entered into and fulfilled. Whiting was paid or credited with $5,000 for the months of July and August. Further than this we are unable to determine. We are able to find from the record that the return filed by petitioner for the fiscal year ended June 30, 1921, claimed a deduction for salaries of officers amounting to $15,360, and apparently that amount was actually charged on the books, for the return reconciles in Schedule L the income reported in the return and the surplus and undivided profits shown by the books. The petitioner is a close corporation, with the entire capital stock, save two shares, held by its president, whose salary is now under consideration. The president drew a large amount of cash during the year, which was charged to his account. If Schedule L of the return is correct all of the intended salary of the president was not credited to his account and charged to expense, but we are unable to determine the amount that was actually charged up and included in the deduction of $15,360.

In the second issue, petitioner seeks to include in invested capital a value of $50,000 for a written contract of agency paid in for capital stock in 1920. The entire capital stock, save two shares, of petitioner was issued to Whiting and it is obvious that an interest and control of more than 50 per cent in the property taken over from Whiting remained in the same person and the limitations provided under section 331 of the Revenue Acts of 1918 and 1921, are applicable.

There is an entire lack of evidence of the cost of the agency contract to Whiting, if any, and no evidence of the value of the contract other than the most general opinion of Whiting, unsupported in any manner. The contract itself was not placed in evidence and we are uninformed as to its terms and provisions. We are unable to find any value allowable for the contract for invested capital purposes.

The second issue concerns withdrawals of cash by Whiting, president of the petitioner. It is in evidence and uncontroverted that they were loans and that no dividends were declared during the year by petitioner. We have before us no ground for an assumption that the payments were withdrawals of capital, and, therefore, find for the petitioner, reversing the respondent.

In the third issue, petitioner has failed to adduce evidence of an abnormality of either income or capital which would entitle petitioner to special assessment under the provisions of sections 327 and 328 of the Revenue Acts of 1918 and 1921. Respondent is sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MARQUETTE, and VAN FOSSAN.